IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE TEXT MESSAGING )
ANTITRUST LITIGATION ) Case No. 08 C 7082
_____ ) MDL No. 1997
)
This Document Relates To: )
)
QUIN JACKSON & DAVID WHITWORTH, )
on behalf of themselves and a )
class of others similarly situated, )
)
Plaintiffs, )
)
vs. ) Case No. 09 C 2192
)
SPRINT NEXTEL CORPORATION, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

This case is one of over a dozen transferred to this Court by the Judicial Panel on Multidistrict Litigation (JMPL) pursuant to 28 U.S.C § 1407. As in the others, the plaintiffs this case allege wrongdoing with respect to the amounts charged for sending text messages by cellular telephone service providers. Plaintiffs originally filed this case in Kansas state court, and Sprint Nextel Corporation (Sprint) removed it to federal court. Plaintiffs have moved to remand the case to the District Court of Douglas County, Kansas. For the reasons set forth below, the Court grants plaintiffs' motion.

### Background

Plaintiffs sued Sprint in Kansas state court for alleged violations of the section of

the Kansas Unfair Trade and Consumer Protection Act dealing with antitrust violations, Kan. Stat. § 50-112. In their complaint, plaintiffs allege that Sprint violated Kansas law by engaging in a conspiracy with other cellular telephone service providers to artificially increase the price for text messages. Plaintiffs defined a putative plaintiff class:

> All individuals who purchased texting from Sprint or a Co-Conspirator from January 1, 2005 to the present and who had (i) a Kansas mailing address for billing purposes from Sprint or a Co-Conspirator; (ii) Kansas phone numbers provided by Sprint or a Co-Conspirator; and, (c) [sic] paid a Kansas USF Fee.

First Am. Class Action Pet. ¶ 24.

## Discussion

Plaintiffs make two arguments in support of their request for remand. First, plaintiffs contend that this Court lacks subject matter jurisdiction, because Sprint failed to establish the existence of diversity jurisdiction in its notice of removal. Second, plaintiffs contend that even if jurisdiction exists, this Court is required to remand this case under the "home state controversy" exception set forth in 28 U.S.C. § 1332(d)(4)(B).

Before turning to these contentions, it is necessary to address a preliminary issue: whether this Court is bound by Seventh or Tenth Circuit precedent for purposes of the current motion. Sprint originally removed the case to the United States District Court for the District of Kansas, which is located within the Tenth Circuit, and the JMPL subsequently transferred it to the Northern District of Illinois. Even though the law of the transferor court ordinarily applies when a case in federal court on diversity jurisdiction is transferred from one district to another, that rule does not apply to "federal issues." See *McMasters v. United States*, 260 F.3d 814, 819 (7th Cir. 2001); *see also*

2

*In re Starlink Corn Prods. Liab. Litig*, 211 F. Supp. 2d 1060, 1063-64 (N.D. Ill. 2002) (concluding it was proper to apply transferee circuit's law regarding diversity statute following transfer of case by the JMPL). Accordingly, this Court is bound by Seventh Circuit precedent for purposes of the current motion.

**1.    Minimal diversity**

Plaintiffs first contend that this Court lacks subject matter jurisdiction, because Sprint failed to properly invoke diversity jurisdiction in its notice of removal. Ordinarily, complete diversity of citizenship between all plaintiffs and all defendants is required. *E.g., Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). The Class Action Fairness Act of 2005 (CAFA), however, created an exception to the general rule requiring complete diversity. 28 U.S.C. § 1332(d)(2). Under CAFA, federal courts have subject matter jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000 [and] . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.* In other words, section 1332(d)(2) requires only minimal diversity to invoke federal jurisdiction.

There is no dispute that the matter in controversy in this case exceeds $5 million. Sprint is a citizen of Kansas, as it is incorporated in that state and maintains its primary place of business there. *Id.* § 1332(c)(1). In its notice of removal, Sprint states that minimal diversity exists, because "the class defined in the Complaint is not limited to citizens of Kansas . . . [and] includes members who are citizens of States different from Defendant Sprint." Notice of Removal at 3. Plaintiffs contend that allegation was insufficient. When a case has been removed to federal court, the defendant bears the

burden of establishing jurisdiction by a preponderance of the evidence. *Illinois Bell Tel. Co. v. Global NAPS Ill., Inc.*, 551 F.3d 587, 590 (7th Cir. 2008).

The Court disagrees with plaintiffs' contention that Sprint failed to establish diversity jurisdiction. A notice of removal is subject to notice pleading requirements and need not contain details of the evidence that would establish diversity jurisdiction if contested by the plaintiff. See *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 682 (7th Cir. 2006) ("When a party seeks removal, it must present *evidence* of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt.") (emphasis in original) (internal quotation omitted); *White v. Humana Health Plan, Inc.*, No. 06 C 5546, 2007 WL 1297130, at *1 (N.D. Ill. May 2, 2007); 14C Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice & Procedure* § 3733 at 350-53 (3d ed. 1998). Sprint's notice of removal alleged minimal diversity between it and members of the putative plaintiff class. That allegation was sufficient to invoke diversity jurisdiction. Once plaintiffs challenged jurisdiction in their motion to remand, Sprint submitted evidence, unchallenged by plaintiffs, demonstrating that at least five members of the putative class are citizens of states other than Kansas. Accordingly, Sprint has established that this Court has subject matter jurisdiction.

2. **Home state controversy exception**

Though this Court has jurisdiction pursuant to CAFA, remand is required if one of several exceptions applies. One such exception is commonly referred to as the "home state controversy" exception. Under that exception, this Court is required to "decline to exercise jurisdiction" if "two-thirds or more of the members of all proposed plaintiff

classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Plaintiffs bear the burden of establishing that the home state controversy exception applies. *Hart*, 457 F.3d at 676. Though the Seventh Circuit did not specify the level of that burden in *Hart*, other judges within the Seventh Circuit have applied a preponderance of the evidence standard. *Kitson v. Bank of Edwardsvile*, No. 06-528-GPM, 2006 WL 3392752, at *6 (S.D. Ill. Nov. 22, 2006).

There is no dispute that the only defendant in this case, Sprint, is a citizen of Kansas. The parties dispute whether two-thirds of the plaintiffs are also citizens of Kansas. Plaintiffs have not submitted evidence of the citizenship of all of the members of the putative class. But given the size of that class, encompassing hundreds of thousands of individuals and businesses, it would be neither practical nor possible to do so. Instead, plaintiffs contend that the putative class has been defined in such a way that Kansas citizens necessarily comprise well over two-thirds of that class. As detailed above, the putative class members had a Kansas phone number and received bills pertaining to that phone number at a Kansas address. Sprint contends that plaintiffs have failed to establish that the membership of the putative class in this case consists of at least two-thirds Kansas citizens. It bases this argument on the fact that cellular phone numbers can be moved from one state to another and the contention that a billing or mailing address is insufficient to establish citizenship within the meaning of the diversity statute.

"Citizenship for purposes of . . . diversity jurisdiction is domicile, and domicile is the place one intends to remain . . . ." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir.

5

2002). "The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary." *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941); *see also Kitson*, 2006 WL 3392752, at *6 ("Although as [defendants] point out, evidence of residence in Illinois is insufficient to prove domicile there, it nonetheless creates a rebuttable presumption of domicile in Illinois."). Though undoubtably some members of the putative class are individuals who, since January 2005, have moved away from Kansas or are out-of-state college students who do not intend to reside in Kansas permanently, those facts do not alter the reality that plaintiffs have defined the putative class in such a way as to leave little doubt that at least two-thirds of the class members are Kansas citizens. By defining the putative class narrowly to include only those individuals and businesses that have both a Kansas telephone number and a Kansas billing address, plaintiffs have established, by a preponderance of the evidence, that over two-thirds of class members are Kansas citizens. *See id.* at *6-7; *Dunham v. Coffeyville Resources, LLC*, No. 07-1186-JTM, 2007 WL 3283774, at *3 (D. Kan. Nov. 6, 2007) (concluding remand appropriate where "plaintiff's own characterizations of the case demonstrated" the two-thirds citizenship requirement.).

Sprint also contends that the home state controversy exception "should not apply here because far less than two-thirds of the members of all of the classes that have been proposed in courts throughout the country, *considered in the aggregate*, are Kansas citizens." Sprint's Opp'n to Pl.'s Mot. for Remand at 10 (emphasis in original). In other words, Sprint urges the Court to consider the citizenship of the plaintiffs in all text messaging antitrust class action lawsuits containing similar factual allegations, not just that of the plaintiffs in the particular case at issue. If all lawsuits regarding this

6

subject matter were considered, it is extremely doubtful that plaintiffs would be able to establish the requirements for the home state controversy exception. Sprint relies only on the language of section 1332(d)(4)(B) in support of its request and has not cited a decision from any court construing the statute in this manner.

The Court declines to so construe the statute. Nothing in its plain language supports such an interpretation. To the contrary, section 1332(d)(4) contains a second exception (not at issue in this case), known as the "local controversy" exception, that expressly requires courts to consider, as one of its elements, the existence of other class action suits "asserting the same or similar factual allegations." 28 U.S.C. § 1332(d)(4)(A)(ii). The express inclusion of this factor as part of the local controversy exception but not the home state controversy exception indicates that consideration of other lawsuits is not a component of the latter. See, e.g., In re Globe Bldg. Materials, 463 F.3d 631, 634-35 (7th Cir. 2006) (applying statutory construction maxim *expressio unius est exclusio alterius*); see also In re Hannaford Bros. Co. Customer Data Security Breach Litig., 564 F.3d 75, 78-79 (1st Cir. 2009) (rejecting the construction of section 1332(d)(4)(B) that Sprint proposes in this case).

## Conclusion

For the reasons stated above, the Court grants plaintiffs' motion to remand [#20]. This case, that is, *Jackson v. Sprint Nextel Corp.*, Case No. 09 C 2192, is remanded to

the District Court of Douglas County, Kansas.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 13, 2009